IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DAWN CURRY PAGE, *et al.*, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:13cv678 |
| ) | |
| VIRGINIA STATE BOARD ) | |
| OF ELECTIONS, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants Virginia State Board of Elections ("VSBE") and Kenneth T. Cuccinelli, II, in his capacity as Attorney General of Virginia ("Attorney General"), by counsel, and pursuant to Fed R. Civ. P. 12(b)(1), respectfully submit this Memorandum in Support of Motion to Dismiss in response to Plaintffs' Complaint ("Complaint"). The VSBE and the Attorney General seek dismissal on grounds that the plaintiffs' action is barred by the Eleventh Amendment to the United States Constitution.

**I.    BACKGROUND**

The plaintiffs allege that the boundaries of Virginia's Congressional District 3, as drawn by the Virginia General Assembly in 2012 and set forth in Va. Code § 24.2-302.2, are unconstitutional. The plaintiffs allege that the boundaries constitute a "racial gerrymander" in violation of the Equal Protection Clause of the Fourteenth Amendment because, according to the plaintiffs, the General Assembly allegedly engaged in "packing African-American voters into Congressional District 3." Complaint ¶¶ 1, 3. The plaintiffs seek a declaration that Congressional District 3 is invalid and an injunction prohibiting the holding of congressional elections based on the current boundaries for Congressional District 3. *Id.* ¶ 6.

The VSBE and the Attorney General are among the defendants sued by the plaintiffs. The only allegation in the Complaint specifically referencing the VSBE as an entity is in paragraph 10:

> Defendant Virginia State Board of Elections is responsible for administering Virginia election laws, supervising and coordinating the work of local election officials to ensure legality and purity in all elections, and issuing rules and regulations for the conduct of all elections in the Commonwealth, including elections for the United States House of Representatives.

*Id.* ¶ 10. And the only allegation in the Complaint referencing the Attorney General is in paragraph 12: "Defendant Kenneth T. Cuccinelli, II is sued in his official capacity as Attorney General of Virginia. Defendant Cuccinelli is the chief legal officer of the Commonwealth of Virginia." *Id.* ¶ 12.

Neither the VSBE nor the Attorney General are proper parties to this action. As an instrumentality and arm of the Commonwealth of Virginia, the VSBE is immune from suits in federal courts pursuant to the Eleventh Amendment. And the Attorney General likewise is immune from suit pursuant to the Eleventh Amendment because the plaintiffs have alleged no facts establishing a "special relationship" between the Attorney General and either the drawing of congressional districts or the holding of elections therein.

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). When considering a motion to dismiss for lack of subject matter jurisdiction, the court should first consider whether the allegations in the Complaint establish jurisdiction and plead "a meritorious cause of action." *Watkins v. M/V London Senator*, 112 F. Supp. 2d 511, 514 (E.D. Va. 2000) (quoting *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir.

1984)). "The burden of establishing the existence of subject matter jurisdiction rests upon the party which seeks to invoke the court's authority." *Allen*, 245 F. Supp. 2d at 782 (internal citations omitted).

### III.   ARGUMENT

#### A.   The Action Against The VSBE Is Barred By The Eleventh Amendment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although it is frequently described as a form of immunity, the protection of the Eleventh Amendment actually is a limit on federal court jurisdiction over states and state entities." *Hunter v. Virginia State Bar,* 786 F. Supp. 2d 1107, 1111 (E.D. Va. 2011) (citing *Nivens v. Gilchrist,* 444 F.3d 237, 249 (4th Cir. 2006); *Constantine v. Rectors, George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005)). And it is well established that this protection extends to suits brought by a state's own citizens. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Moreover, "[t]he Eleventh Amendment does not exist solely in order to 'preven[t] federal-court judgments that must be paid out of a State's treasury;' it also serves to avoid 'the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.'" *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996) (citations omitted). As such, a suit against state officials or state agencies that, in fact, is a suit against the state is barred regardless of whether it seeks damages or injunctive relief. *Id.*; *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). This immunity extends not only to the

3

state, but also to state instrumentalities. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

To determine whether an entity is an instrumentality of the state for Eleventh Amendment purposes the Court should consider: (1) whether a judgment against the instrumentality would have to be paid by the state treasury; (2) the degree of control exercised by the state; (3) whether the instrumentality deals with local or statewide concerns; and (4) how state law treats the entity. *Cash v. Granville County Bd. of Educ.*, 242 F.3d 219, 224 (4th Cir. 2001). Application of this four-part test to the VSBE makes clear that it is an instrumentality of the state and therefore entitled to the protection of the Eleventh Amendment.

1. <u>The state treasury is responsible for paying judgments against the VSBE</u>.

Virginia Code § 2.2-1837(A)(1) provides that the Division of Risk Management of Virginia's Department of the Treasury shall establish a risk management plan to protect against liability for damages from claims against any state agency for acts arising out of the scope of employment. The VSBE is a state agency created and funded by the Virginia General Assembly. *See* Va. Code § 24.2-102; 2013 Va. Acts, Chap. 806, Items 87 and 88. Therefore, the Treasury of Virginia is responsible for paying judgments against the VSBE. In the instant case, the plaintiffs seek among other things, attorneys' fees and costs, and, if awarded, they would be paid by the Commonwealth.

2. <u>The VSBE is controlled by the state</u>.

The VSBE is the agency responsible for implementing Virginia's election laws. *See* Va. Code §§ 24.2-103, -105. Virginia Code § 24.2-102 provides that the members of the VSBE shall be appointed by the Governor and confirmed by the General Assembly. The same statute defines the qualifications and terms of the members. Virginia Code § 24.2-103 sets forth the powers and

duties of the VSBE. It supervises the work of local electoral boards to properly administer election laws. *Id.* The VSBE is also given responsibility for training electoral boards and general registrars. *Id.* The VSBE is also authorized to institute proceedings for the removal of an electoral board that does not perform its duties according to the law. The VSBE relies entirely on the General Assembly and Governor for its funding pursuant to the Commonwealth's biennial budget.[1] *See* 2013 Va. Acts, Chap. 806, Items 87 and 88. The General Assembly sets the salary of the Secretary of VSBE and further provides for the number of staff it may employ. *Id*. All of the above establishes that the VSBE was created by and is controlled by the state.

      3.      <u>The VSBE deals with statewide concerns</u>.

As acknowledged by the plaintiffs, the VSBE "is responsible for administering Virginia Election Laws . . . and issuing rules and regulations for the conduct of all elections in the Commonwealth, including elections for the United States House of Representatives." Complaint ¶ 10. Thus, based on Virginia statutes cited above, as well as the allegations in the Complaint, there is no dispute that the VSBE deals with statewide concerns, such as the holding and conduct of statewide elections.

      4.      <u>Virginia treats the VSBE as a state agency</u>.

As shown above, the VSBE was created by the General Assembly, is controlled by state officials and by laws passed by the General Assembly, is funded by the Commonwealth and is established to implement Virginia's election laws. It is treated by Virginia as an instrumentality of the state.

---

[1] In addition to general fund dollars, it should be noted that there are some pass through funds from the federal government that fund the VSBE. These funds are appropriated by the General Assembly to the VSBE and are treated as special funds in the Commonwealth's budget. This funding does not change the Eleventh Amendment analysis.

Thus, the VSBE meets all of the factors used to determine whether an instrumentality is an agency of the state for Eleventh Amendment purposes. Accordingly, the motion to dismiss the VSBE as an entity should be granted.

### B. The Action Against The Attorney General Is Barred By The Eleventh Amendment.

The action against the Attorney General is barred because he has no "special relationship" with the General Assembly's drawing of congressional districts or the holding of elections therein. Eleventh Amendment immunity precludes suits against officers of the state, *Minnesota v. Hitchcock*, 185 U.S. 373, 386 (1902), unless the *Ex Parte Young* exception to sovereign immunity applies. *See Ex Parte Young*, 209 U.S. 123, 161-62 (1908). The *Ex Parte Young* exception permits prospective injunctive relief against state officials to prevent ongoing violations of federal law. *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 645 (2002).

However, for that exception to apply, the public official must have "some duty in regard to the enforcement of the laws of the state *and* [the official] must threaten and [be] about to commence proceedings . . . to enforce against parties affected [by] an unconstitutional act." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir.) (2010) (quoting *Ex Parte Young*, 209 U.S. at 155-56). There must be a "special relation" between the official and the challenged action. *McBurney,* 616 F.3d at 399. It is not sufficient to allege that the official has "[g]eneral authority to enforce the laws of the state." *Id*. (quoting *S. C. Wildlife Fed'n v. Limehouse,* 549 F.3d 324, 332 (4th Cir. 2008)). To properly invoke the *Ex Parte Young* exception, there must be "*a proximity to and responsibility for* the challenged state action." *McBurney,* 616 F.3d at 399 (quoting *S C. Wildlife Fed'n,* 549 F.3d at 333) (emphasis in original).

Here, the Complaint's only reference to the Attorney General is that he is the "chief legal officer in the Commonwealth of Virginia." Complaint ¶ 12. The Complaint identifies no act giving the Attorney General "proximity to and responsibility for" the drawing of congressional district lines or the holding of elections therein. *See S. C. Wildlife Fed'n*, 549 F.3d at 333. Even an allegation that the Attorney General has any "[g]eneral authority to enforce the laws of the State" is not sufficient to invoke the *Ex Parte Young* exception. *McBurney,* 616 F.3d at 399, (quoting *S. C. Wildlife Fed'n,* 549 F.3d at 331). Absent allegations of fact necessary to invoke the *Ex Parte Young* exception to his Eleventh Amendment immunity, the Attorney General is not a proper party in this case.

## IV. CONCLUSION

For the foregoing reasons, the VSBE and the Attorney General respectfully request that this Court grant their Motion to Dismiss, dismissing the plaintiff's action against them with prejudice, and grant such other relief as this Court deems just and appropriate.

Respectfully submitted,

**VIRGINIA STATE BOARD OF ELECTIONS, KENNETH CUCCINELLI, II, in his official capacity as Attorney General of Virginia**

By: _____/s/ Mike F. Melis_____
Mike F. Melis (VSB No. 43021)
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Fax: (804) 371-2087
mmelis@oag.state.va.us
*Counsel for Defendants*

Kenneth T. Cuccinelli, II
Attorney General of Virginia

Patricia L. West
Chief Deputy Attorney General

Wesley G. Russell, Jr.
Deputy Attorney General

*Joshua N. Lief (VSB No. 37094)
Senior Assistant Attorney General

*Mike F. Melis (VSB No. 43021)
Assistant Attorney General

*Counsel of Record*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

John K. Roche, Esq.
Mark Erik Elias, Esq.
John Devaney , Esq.
Perkins Coie, LLP
700 13th St. N.W., Suite 600
Washington, D.C.  20005-3960
Phone:  (202) 434-1627
Fax:  (202) 654-9106
JRoche@perkinscoie.com
MElias@perkinscoie.com
JDevaney@perkinscoie.com

Kevin J. Hamilton, Esq.
Perkins Coie, LLP
1201 Third Avenue, Ste. 4800
Seattle, WA  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000
KHamilton@perkinscoie.com

                                                               _____/s/ Mike F. Melis_____
Mike F. Melis (VSB No. 43021)
Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
Telephone: (804) 786-2071
Fax: (804) 371-2087
mmelis@oag.state.va.us
*Counsel for Defendants*