IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **DAWN CURRY PAGE**, *et al.*, | ) |
| | ) |
|     **Plaintiffs**, | ) |
| | ) |
| v. | )    Civil Action No. 3:13cv678 |
| | ) |
| **VIRGINIA STATE BOARD** | ) |
| **OF ELECTIONS**, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## ANSWER OF DEFENDANTS JUDD, BOWERS AND PALMER

    Defendants Charles Judd, Kimberly Bowers and Don Palmer ("Defendants"), by counsel, and in their official capacities, state as follows for their Answer in response to Plaintiffs' Complaint:

    1.    In response to the allegations contained in paragraph 1 of Plaintiffs' Complaint, Defendants admit that this action purports to challenge the constitutionality of Virginia's Congressional District 3 as a "racial gerrymander" in violation of the Equal Protection Clause of the Fourteenth Amendment, but deny that Congressional District 3 is unconstitutional in its boundaries, composition, or any other facet, deny the existence of any racial gerrymandering, and deny any violation of the Fourteenth Amendment.

    2.    In response to the allegations contained in paragraph 2 of Plaintiffs' Complaint, Defendants admit that, until the Supreme Court's decision in *Shelby County v. Holder,* 133 S. Ct. 2612 (2013), Virginia was deemed a covered jurisdiction under the Voting Rights Act of 1965 and, therefore, changes to its congressional maps were subject to preclearance by the federal government.

3. Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. In response to the allegations contained in paragraph 5 of Plaintiffs' Complaint, Defendants deny Plaintiffs' characterization that Virginia has "[sought] refuge in Section 5 as an excuse to racially gerrymander Congressional District 3." Defendants further deny that Congressional District 3 was "[d]rawn with race as its predominant purpose" and deny that "this district cannot pass constitutional muster."

6. Defendants deny the allegations contained in paragraph 6 of Plaintiffs' Complaint, except to admit that Plaintiffs seek the relief described, and deny that Plaintiffs are entitled to the relief requested in paragraph 6, or to any relief on any theory.

## PARTIES

7. Defendants lack sufficient information to admit the allegations contained in paragraph 7 of Plaintiffs' Complaint and, therefore, Defendants deny these allegations.

8. Defendants lack sufficient information to admit the allegations contained in paragraph 8 of Plaintiffs' Complaint and, therefore, Defendants deny these allegations.

9. Defendants lack sufficient information to admit the allegations contained in paragraph 9 of Plaintiffs' Complaint and, therefore, Defendants deny these allegations.

10. In response to the allegations contained in paragraph 10 of Plaintiffs' Complaint, Defendants state that the duties and responsibilities of the Virginia State Board of Elections are prescribed by Virginia statutes, which speak for themselves and, therefore, Defendants deny any allegation that is inconsistent with those statutory duties. Defendants further deny that the

Virginia State Board of Elections is a proper defendant to this action for the reasons stated in its Rule 12(b)(1) Motion to Dismiss.

11. In response to the allegations contained in paragraph 11 of Plaintiffs' Complaint, Defendants admit that Charlie Judd is Chairman of the Virginia State Board of Elections, Kimberly Bowers is Vice-Chair of the Virginia State Board of Elections, and Don Palmer is Secretary of the Virginia State Board of Elections. Defendants admit that Plaintiffs purport to sue Defendants in their official capacities, but Defendants deny that Plaintiffs are entitled to any relief against Defendants.

12. In response to the allegations contained in paragraph 12 of Plaintiffs' Complaint, Defendants state that these allegations refer to another defendant and, therefore, no response from Defendants is necessary. To the extent a response is deemed to be required, Defendants admit that Plaintiffs purport to sue the Attorney General in his official capacity. Defendants state that the role, duties and responsibilities of the Attorney General are prescribed by the Virginia Constitution and by Virginia statutes, which speak for themselves and, therefore, Defendants deny any allegation that is inconsistent with those constitutional and statutory duties. Defendants deny that the Attorney General is a proper party to this action for the reasons stated in his Rule 12(b)(1) Motion to Dismiss.

**JURISDICTION AND VENUE**

13. In response to the allegations contained in paragraph 13 of Plaintiffs' Complaint, Defendants state that the cited statutes speak for themselves and the allegations are jurisdictional statements and conclusions of law to which no response is required. Defendants deny that Plaintiffs have a valid claim under any of the cited provisions.

14. In response to the allegations contained in paragraph 14 of Plaintiffs' Complaint, Defendants admit that, under 28 U.S.C. § 2284(a), a three-judge district court is required because Plaintiffs' action purports to "challeng[e] the constitutionality of the apportionment of congressional districts" in Virginia.

15. Defendants admit that venue lies within the Eastern District of Virginia, Richmond Division.

## FACTUAL ALLEGATIONS

16. Defendants admit the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendants admit the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendants admit the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. In response to the allegations contained in paragraph 19 of Plaintiffs' Complaint, Defendants state that the referenced guidelines speak for themselves and, therefore, Defendants deny any allegation inconsistent with the guidelines.

20. In response to the allegations contained in paragraph 20 of Plaintiffs' Complaint, Defendants state that the referenced guidelines speak for themselves and, therefore, Defendants deny any allegation inconsistent with the guidelines.

21. Defendants admit the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. In response to the allegations contained in paragraph 23 of Plaintiffs' Complaint, Defendants deny that the Virginia House of Delegates passed HB 251 on January 12, 2012 and state that the House passed HB 251 on January 13, 2012. Defendants admit that the Virginia Senate passed HB 251 by a one vote margin on January 20, 2012, and aver that the Senate vote on HB 251 did not require a tie-breaking vote by the Lieutenant Governor. Defendants admit that the redistricting plan in HB 251 was considered during the 2011 Special Session but Defendants lack sufficient information to admit that "the Virginia Senate's Democratic majority at the time would not approve it" and, therefore, Defendants deny this allegation.

24. Defendants admit the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. In response to the allegations contained in paragraph 25 of Plaintiffs' Complaint, Defendants admit that HB 251 was codified as Va. Code Ann. § 24.2-302.2, which defines Virginia's congressional districts, including Congressional District 3. With regard to the map under paragraph 25 of Plaintiffs' Complaint, to the extent Plaintiffs allege that the map accurately reflects the boundaries of Congressional District 3, Defendants lack sufficient information to admit this allegation and, therefore, the allegation is denied.

26. In response to the allegations contained in paragraph 26 of Plaintiffs' Complaint, Defendants state that the boundaries of Congressional District 3 are set forth in Va. Code Ann. § 24.2-302.2, which speaks for itself and, therefore, Defendants deny any allegation inconsistent with the statute. Defendants deny that Congressional District 3 is not contiguous as that term applies to electoral districts.

27. Defendants lack sufficient information to admit the allegations contained in paragraph 27 of Plaintiffs' Complaint because of the imprecision of the term "similar" and, therefore, Defendants deny these allegations.

28. In response to the allegations contained in paragraph 28 of Plaintiffs' Complaint, Defendants state that the Court's opinion in *Moon v. Meadows,* 952 F. Supp. 1141, 1150 (E.D. Va. 1997), *aff'd*, 521 U.S. 1113 (1997), speaks for itself and, therefore, Defendants deny any allegation inconsistent with the Court's opinion.

29. In response to the allegations contained in paragraph 29 of Plaintiffs' Complaint, Defendants admit that, on July 10, 2001, the Virginia General Assembly enacted a new congressional plan based on the 2000 census. Defendants lack sufficient information to admit the allegation that, under the congressional redistricting plan adopted in 2001, Congressional District 3 was "similar" to its predecessor and, therefore, Defendants deny this allegation. Defendants deny that the predecessor to the 2001 version of Congressional District 3 was unconstitutional.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. Defendants admit the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. In response to the allegations contained in paragraph 32 of Plaintiffs' Complaint, Defendants admit that the African-American population of Congressional District 3 was increased but deny that "*the* African-American population from neighboring districts" was moved into Congressional District 3. Defendants admit that Congressional District 3 is surrounded by Congressional Districts 1, 2, 4, and 7. Defendants admit that, at the time of the

2010 census, former Congressional District 1 had an African-American voting age population of 19.6%. Defendants admit that, in the 2012 Congressional District Plan, the African-American voting age population decreased to 16.9%. Defendants admit that former Congressional District 2 had an African-American voting age population of 21.4%, which decreased to 21.3% under the current plan. Defendants admit that the African-American voting age population in Congressional District 4 decreased from 33.5% to 31.3%, and the African-American voting age population in Congressional District 7 decreased from 17% to 14.6%. Defendants deny that any increase of African-American population in Congressional District 3 is evidence of "packing of African-American voters" or that such increase "was a decision driven primarily by race." Defendants aver that Congressional District 3 required an increase in voters to balance with other districts.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. In response to the allegations contained in paragraph 34 of Plaintiffs' Complaint, Defendants state that the boundaries of Congressional District 3 are set forth in Va. Code Ann. § 24.2-302.2, which speaks for itself and, therefore, Defendants deny any allegation inconsistent with the statute. Defendants deny that Congressional District 3 is "bizarre on its face" or that it is not contiguous as that term applies to electoral districts.

35. Defendants admit the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. In response to the allegations contained in paragraph 36 of Plaintiffs' Complaint, Defendants admit that on February 2, 2012, the Commonwealth submitted its submission under Section 5 to the United State Department of Justice and that excerpts of those documents are

attached to the Complaint as Exhibit A. Defendants deny any allegation that Exhibit A includes the Commonwealth of Virginia's entire submission.

37. In response to the allegations contained in paragraph 37 of Plaintiffs' Complaint, Defendants state that the Commonwealth of Virginia's Section 5 submission speaks for itself and, therefore, Defendants deny any allegation inconsistent with the submission.

38. In response to the allegations contained in paragraph 38 of Plaintiffs' Complaint, Defendants state that the Commonwealth of Virginia's Section 5 submission speaks for itself and, therefore, Defendants deny any allegation inconsistent with the submission.

39. Defendants admit the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. In response to the allegations contained in paragraph 42 of Plaintiffs' Complaint, Defendants deny that race was the predominant consideration with respect to the boundaries and composition of Congressional District 3 and, to the extent race was considered, Defendants deny that the Commonwealth of Virginia did not have the requisite state interest in considering race with respect to the boundaries and composition of Congressional District 3.

43. In response to the allegations contained in paragraph 43 of Plaintiffs' Complaint, Defendants deny that race was the predominant factor in drawing congressional district lines and further state that no drawing of congressional district lines has taken place in Virginia since the Supreme Court's decision in *Shelby County*, which is not retroactive.

44. In response to the allegations contained in paragraph 44 of Plaintiffs' Complaint, Defendants deny that race was the predominant factor in drawing Congressional District 3. Defendants deny that an ability to elect standard by itself provides a rule of decision. Defendants lack sufficient information as to what percentage would allow minority voters to elect the candidates of their choice and deny all allegations with respect to this issue.

45. In response to the allegations contained in paragraph 45 of Plaintiffs' Complaint, Defendants deny that race was the predominant factor in drawing Congressional District 3, deny that the boundaries and composition of Congressional District 3 must be narrowly tailored to achieve a compelling state interest, and deny that it does not satisfy the requisite state interest.

## CAUSE OF ACTION

46. In response to the allegations contained in paragraph 46 of Plaintiffs' Complaint, Defendants restate their responses to paragraphs 1-45 of Plaintiffs' Complaint.

47. In response to the allegations contained in paragraph 47 of Plaintiffs' Complaint, Defendants state that the Fourteenth Amendment of Section 1 of the United States Constitution speaks for itself and, therefore, Defendants deny any allegation inconsistent with the Fourteenth Amendment.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

52. Defendants deny any and all allegations that were not expressly and specifically admitted by Defendants above.

53. Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief contained in their Complaint, or to any other relief on any theory.

## DEFENSES

54. Defendants interpose the defense of laches and reserve the right to assert all applicable affirmative defenses to the extent that such defenses may be supported by further investigation, discovery, and/or evidence presented at the trial of this matter.

WHEREFORE, Defendants, by counsel, respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice, enter judgment in Defendants' favor, award Defendants' their costs and fees incurred in this action, and grant Defendants any other relief that this Court deems just and appropriate.

Respectfully submitted,

**CHARLIE JUDD, KIMBERLY BOWERS,
and DON PALMER,
in their official capacities**

By: _____/s/ Mike F. Melis_____
Mike F. Melis (VSB No. 43021)
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Fax: (804) 371-2087
mmelis@oag.state.va.us
*Counsel for Defendants Judd, Bowers and Palmer*

Kenneth T. Cuccinelli, II
Attorney General of Virginia

Patricia L. West
Chief Deputy Attorney General

Wesley G. Russell, Jr.
Deputy Attorney General

*Joshua N. Lief (VSB No. 37094)
Senior Assistant Attorney General

*Mike F. Melis (VSB No. 43021)
Assistant Attorney General

*Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

John K. Roche, Esq.
Mark Erik Elias, Esq.
John Devaney , Esq.
Perkins Coie, LLP
700 13th St. N.W., Suite 600
Washington, D.C.  20005-3960
Phone:  (202) 434-1627
Fax:  (202) 654-9106
JRoche@perkinscoie.com
MElias@perkinscoie.com
JDevaney@perkinscoie.com

Kevin J. Hamilton, Esq.
Perkins Coie, LLP
1201 Third Avenue, Ste. 4800
Seattle, WA  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000
KHamilton@perkinscoie.com

            _____/s/ Mike F. Melis_____
            Mike F. Melis (VSB No. 43021)
            Office of the Attorney General
            900 East Main Street
            Richmond, Virginia  23219
            Telephone: (804) 786-2071
            Fax: (804) 371-2087
            mmelis@oag.state.va.us
            *Counsel for Defendants Judd, Bowers and Palmer*