IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DAWN CURRY PAGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS, et al., <br><br> Defendants. | Civil Action No.: 3:13-cv-678 |

## MEMORANDUM IN SUPPORT OF
## VIRGINIA REPRESENTATIVES' UNOPPOSED MOTION TO INTERVENE

Eric Cantor, Robert J. Wittman, Bob Goodlatte, Frank Wolf, Randy J. Forbes, Morgan Griffith, Scott Rigell, and Robert Hurt move to intervene as defendants in this case. All of the putative Intervenors (collectively, "Virginia Representatives") are currently Republican Members of Congress from Virginia. Plaintiffs challenge the constitutionality of Virginia's legislatively enacted congressional districting plan, and ask the Court to replace it with a "plan for new congressional districts in the Commonwealth." Compl. ¶ C (DE 1). Each of the Virginia Representatives has a strong interest in preserving the current plan under which they were elected to Congress and represent their constituents. Plaintiffs' request for mid-decade judicial redistricting unquestionably threatens to harm that interest, and the existing defendants are inadequate to zealously and vigorously protect it. Moreover, the Virginia Representatives' intervention at the genesis of this case will not prejudice or unduly delay any party's rights. Virginia's Attorney General Cuccinelli has consented to this requested intervention on behalf of Defendants. Plaintiffs also have consented to this intervention so long as the Virginia

1

Representatives do not seek to disrupt or depart from the discovery schedule negotiated between Plaintiffs and Defendants (which putative Intervenors hereby agree to). Accordingly, the Court should grant the Virginia Representatives intervention as of right or, in the alternative, permissive intervention.

## I. THE COURT SHOULD GRANT THE VIRGINIA REPRESENTATIVES INTERVENTION AS OF RIGHT

Federal Rule of Civil Procedure Rule 24(a)(2) requires this Court to "permit anyone to intervene" who files a "timely motion," Fed. R. Civ. P. 24(a)(2), and demonstrates "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991). It is well settled that Rule 24(a) should be construed liberally in favor of permitting intervention. *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) ("[L]iberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process.") (citation and internal quotation marks omitted). Moreover, courts—including the Eastern District of Virginia—have routinely granted intervention to members of Congress in cases involving challenges to congressional districting plans. *See, e.g., Hall v. Virginia*, 276 F. Supp. 2d 528, 529 (E.D. Va. 2003) (noting the intervention of Virginia congressional representatives), *aff'd*, 385 F.3d 421 (4th Cir. 2004); *Burton on Behalf of the Republican Party v. Sheheen*, 793 F. Supp. 1329, 1338 (D.S.C. 1992) (noting intervention as of right of Congressman Robin A. Tallon), *vacated on other grounds by Statewide Reapportionment Advisory Comm. v. Theodore*, 508 U.S. 968 (1993) (mem.) & *Campbell v. Theodore*, 508 U.S. 968 (1993) (mem.); *Prince v. Kramer*, No. Civ. No. 9668, 1972 WL 123242, at *2 (W.D. Wash. Apr. 21, 1972) (noting intervention of Congressman Brock Adams).

Here as well, the Virginia Representatives easily satisfy the requirements for intervention as of right. *First*, each Virginia Representative has "an interest in the subject matter of this action," *Teague*, 931 F.2d at 260–61, because Plaintiffs ask the Court to redraw the boundaries of *all* congressional districts in Virginia, *see* Compl. ¶ C. Moreover, Virginia already has enacted a legislative districting plan based on the results of the 2010 Census—so Plaintiffs ask this Court for *mid-decade* judicial redistricting, which would not only upset existing district boundaries and constituent relationships but also engender confusion among the voting public. The Virginia Representatives thus "stand to gain or lose by the direct legal operation of the district court's judgment," and have a "significantly protectable interest" warranting intervention as of right. *Teague*, 931 F.2d at 261.

*Second*, this interest will "be impaired because of the action" if the Virginia Representatives are not permitted to intervene. *Id.* The Virginia Representatives seek to protect their own interests and the interests of their constituents in the current congressional districting map. But Plaintiffs' proposed remedy would require the Virginia Representatives to seek re-election in districts with at least some new constituents, and many Virginia voters would be thrust into new districts with an unfamiliar representative. *See* Compl. ¶ C. As the real parties in interest, the Virginia Representatives should be permitted to intervene to defend the current legislatively enacted districting plan under which they were elected, will seek re-election, and serve their constituents.

*Third*, the Virginia Representatives' interests will not be "adequately represented by existing parties to the litigation," who "might be less vigorous" than the Virginia Representatives would be in advancing their interests. *Teague*, 931 F.2d at 261–62. This requirement "is satisfied if the applicant shows that representation of his interest *may be* inadequate," and "the

burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (emphasis added). The three remaining Defendants are members of the Virginia State Board of Elections charged with administering elections in Virginia, and are entirely unaffected by the boundaries or ultimate composition of the congressional districts. *See* Compl. ¶¶ 10–11. These Defendants therefore have no clear incentive to engage in the "vigorous," zealous advocacy of the Virginia Representatives' interests that the Representatives themselves would offer. *Teague*, 931 F.2d at 262.[1]

The attorney for these Defendants, Virginia's Attorney General, is not a sufficiently adequate representative to preclude intervention as of right. Even assuming the Attorney General is an adequate representative of the generic public interest underlying the redistricting plan, he is not an adequate representative of the Virginia Representatives' specific interests. *See, e.g., Stuart v. Huff*, 706 F.3d 345, 350–52 (4th Cir. 2013) (citing *Trbovich*, 404 U.S. at 538 & n.10 and *United Guar. Res. Ins. Co. of Iowa v. Phila. Sav. Fund Soc'y*, 819 F.2d 473, 475 (4th Cir. 1985)). Here, the Attorney General may pursue the public's generic interest in defending the legislatively enacted districting plan, but he has no incentive to advance the Virginia Representatives' individual interests in protecting their existing district boundaries and preserving their constituent relationships. Granting intervention to the Virginia Representatives is therefore the only way to guarantee that their interests will be adequately represented and protected. *See Teague*, 931 F.2d at 261–62.

This is especially true because the Attorney General may be at "cross purposes" with the Virginia Representatives. *See Stuart*, 706 F.3d at 352. Virginia's next Attorney General may be

---

[1] Plaintiffs originally named the Virginia State Board of Elections and Attorney General Cuccinelli as defendants, but dismissed them by stipulation on November 21, 2013. *See* Stipulation Of Dismissal (DE 14).

a Democrat, Mark Herring. *See, e.g.*, Daily Press, Herring Lawyer: Recount "Extremely Unlikely" To Give Obenshain Win, http://www.dailypress.com/news/politics/dp-nws-herring-recount-lawyer-20131119,0,7725373.story (last visited Nov. 18, 2013). One need not question Mr. Herring's professionalism and integrity to conclude that his defense of the existing plan against Democratic voters' challenge "might be less vigorous" than the Virginia Representatives' defense, due to external pressures and non-merits considerations. *Teague*, 931 F.2d at 262. At a minimum, the tension between his partisan affiliation and official duties may well give rise to a public perception of compromised advocacy. In all events, the consistent granting of intervention to congressional representatives in these circumstances confirms that a state Attorney General's representation does not support denying intervention as of right, and that conclusion is particularly simple here since the Attorney General has consented to intervention.

*Finally*, the Virginia Representatives' motion to intervene is timely. The most important timeliness consideration is whether any delay in filing a motion to intervene "has prejudiced the other parties." *Spring Const. Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980). Here, there is no delay or prejudice because proceedings have been minimal: Plaintiffs filed this suit on October 2, Defendants have filed an answer, and the Virginia Representatives are prepared to file the attached answer. Plaintiffs have not sought a preliminary injunction, and the Virginia Representatives have agreed not to disrupt the discovery schedule negotiated between Plaintiffs and Defendants. The Virginia Representatives thus have acted promptly and timely to protect their interests, and the Court should grant them intervention as of right.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT THE VIRGINIA REPRESENTATIVES PERMISSIVE INTERVENTION

Even if the Court determines that the Virginia Representatives are not entitled to intervene as of right, it still should permit them to intervene. Federal Rule of Civil Procedure

24(b)(2) allows the Court to grant permissive intervention to "anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). The Virginia Representatives satisfy this requirement because their defense of the current congressional districting plan obviously involves *all* of the same questions of law and fact as Plaintiffs' challenge to that plan. And, as explained, their intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see supra* Part I.

## CONCLUSION

The Court should grant the Virginia Representatives intervention as of right or, alternatively, permissive intervention.

Dated: November 25, 2013

Respectfully submitted,

/s/ Jonathan A. Berry
Michael A. Carvin (*pro hac vice* pending)
John M. Gore (*pro hac vice* pending)
Jonathan A. Berry (VSB #81864)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: macarvin@jonesday.com
Email: jmgore@jonesday.com
Email: jberry@jonesday.com

*Counsel for Movants Virginia Representatives*

## CERTIFICATE OF SERVICE

I certify that on November 25, 2013, a copy of the MEMORANDUM IN SUPPORT OF VIRGINIA REPRESENTATIVES' UNOPPOSED MOTION TO INTERVENE was filed electronically with the Clerk of Court using the ECF system, which will send notification to the following ECF participants:

John K. Roche, Esq.
Mark Erik Elias, Esq.
John Devaney, Esq.
PERKINS COIE, LLP
700 13th Street, N.W., Suite 600
Washington, D.C. 20005-3960
Tel. (202) 434-1627
Fax (202) 654-9106
JRoche@perkinscoie.com
MElias@perkinscoie.com
JDevaney@perkinscoie.com

Kevin J. Hamilton, Esq.
PERKINS COIE, LLP
1201 Third Avenue, Ste. 4800
Seattle, WA 98101-3099
Tel. (202) 359-8000
Fax (202) 359-9000
KHamilton@perkinscoie.com

*Counsel for Plaintiffs*

Mike F. Melis
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Telephone: (804) 786-2071
Fax: (804) 371-2087
mmelis@oag.state.va.us

*Counsel for Defendants*

Dated: November 25, 2013

/s/ Jonathan A. Berry
Jonathan A. Berry
*Counsel for Movants Virginia Representatives*