IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DAWN CURRY PAGE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| VIRGINIA STATE BOARD OF ELECTIONS, et al., | ) Civil Action No.: 3:13-cv-678 |
| Defendants. | ) |

## ANSWER OF INTERVENOR-DEFENDANTS VIRGINIA REPRESENTATIVES

Intervenor-Defendants the Virginia Representatives—Congressmen Eric Cantor, Robert J. Wittman, Bob Goodlatte, Frank Wolf, Randy J. Forbes, Morgan Griffith, Scott Rigell, and Robert Hurt—respectfully answer Plaintiffs' Complaint, filed on October 2, 2013, as follows; any allegations not specifically referenced herein are denied:

1. Intervenor-Defendants admit that Plaintiffs purport to challenge the constitutionality of Virginia's Congressional District 3, but deny that Congressional District 3 is unconstitutional or constitutes a racial gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment.

2. Intervenor-Defendants admit that, until the Supreme Court's decision in *Shelby County v. Holder*, 133 S. Ct. 2612 (2013), Virginia was deemed a covered jurisdiction under the Voting Rights Act of 1965 and, thus, that changes to its congressional maps were subject to preclearance by the federal government.

3. Intervenor-Defendants deny the allegations of paragraph 3 of the Complaint.

4. Intervenor-Defendants admit the allegations of paragraph 4 of the Complaint.

5. Intervenor-Defendants deny the allegations of paragraph 5 of the Complaint.

6. Intervenor-Defendants admit that Plaintiffs seek the relief they describe in paragraph 6 of the Complaint, but deny that Plaintiffs are entitled to such relief or to any other relief on any theory.

**PARTIES**

7. Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Complaint and therefore deny them.

8. Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint and therefore deny them.

9. Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint and therefore deny them.

10. Plaintiffs' dismissal of the Virginia State Board of Elections as a defendant in this case moots the allegations of paragraph 10 of the Complaint. To the extent further response is required, Intervenor-Defendants state that the duties and responsibilities of the Virginia State Board of Elections are prescribed by Virginia statutes, which speak for themselves, and Intervenor-Defendants therefore deny any allegation that is inconsistent with those statutes.

11. Intervenor-Defendants admit that Charlie Judd is Chairman of the Virginia State Board of Elections, that Kimberly Bowers is the Vice-Chair of the Virginia State Board of Elections, and that Don Palmer is Secretary of the Virginia State Board of Elections. Intervenor-Defendants admit that Plaintiffs purport to sue Defendants in their official capacities, but Intervenor-Defendants deny that Plaintiffs are entitled to any relief against Defendants.

12. Plaintiffs' dismissal of Attorney General Kenneth Cuccinelli II as a defendant in this case moots the allegations of paragraph 12 of the Complaint. To the extent further response is required, Intervenor-Defendants state that the duties and responsibilities of the Attorney General are prescribed by Virginia statutes, which speak for themselves, and Intervenor-Defendants therefore deny any allegation that is inconsistent with those statutes.

## JURISDICTION AND VENUE

13. Intervenor-Defendants admit that the Court has subject matter jurisdiction over the allegations in Plaintiffs' Complaint, but deny that Plaintiffs are entitled to relief.

14. The convening of a three-judge court to hear this case renders the allegations in paragraph 14 of the Complaint moot. To the extent a further response is required, Intervenor-Defendants admit the allegations of paragraph 14 of the Complaint.

15. Intervenor-Defendants admit that venue is proper in the Eastern District of Virginia, Richmond Division.

## FACTUAL ALLEGATIONS

16. Intervenor-Defendants admit the allegations of paragraph 16 of the Complaint.

17. Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint and therefore deny them.

18. Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Complaint and therefore deny them.

19. Intervenor-Defendants state that the referenced guidelines speak for themselves, and therefore deny any allegation that is inconsistent with the guidelines.

20. Intervenor-Defendants state that the referenced guidelines speak for themselves, and therefore deny any allegation that is inconsistent with the guidelines.

21. Intervenor-Defendants admit the allegations of paragraph 21 of the Complaint.

22. Intervenor-Defendants admit the allegations of paragraph 22 of the Complaint.

23. Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint and therefore deny them.

24. Intervenor-Defendants admit the allegations of paragraph 24 of the Complaint.

25. Intervenor-Defendants admit that HB 251 was codified as Va. Code Ann. §§ 24.2–302.2, which defines the 2012 Congressional Plan, including Congressional District 3. To the extent Plaintiffs allege that the map under paragraph 25 of Plaintiffs' Complaint accurately reflects the boundaries of Congressional District 3, Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of that allegation and therefore deny it.

26. Intervenor-Defendants state that the boundaries of Congressional District 3 are set forth in Va. Code Ann. §§ 24.2–302.2, which speaks for itself, and Intervenor-Defendants therefore deny any allegation inconsistent with the statute. Intervenor-Defendants deny Plaintiffs' allegation that Congressional District 3 is not contiguous.

27. Intervenor-Defendants state that the term "similar" as used in paragraph 27 of the Complaint is vague and undefined. Intervenor-Defendants therefore lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 27 of the Complaint and deny them.

28. Intervenor-Defendants state that the Court's opinion in *Moon v. Meadows*, 952 F. Supp. 1141, 1150 (E.D. Va. 1997), *aff'd*, 521 U.S. 1113 (1997), speaks for itself, and therefore deny any allegation that is inconsistent with the opinion.

29. Intervenor-Defendants admit the first sentence of paragraph 29 of the Complaint. Intervenor-Defendants state that the term "similar" as used in the second sentence of paragraph

4

29 of the Complaint is vague and undefined. Intervenor-Defendants therefore lack sufficient information to form a belief as to the truth or falsity of the allegations of the second sentence of paragraph 29 of the Complaint and deny them.

30. Intervenor-Defendants state that the term "slight variations" as used in paragraph 30 of the Complaint is vague and undefined. Intervenor-Defendants therefore lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 30 of the Complaint and deny them.

31. Intervenor-Defendants admit the allegations of paragraph 31 of the Complaint.

32. Intervenor-Defendants admit that the African-American population of Congressional District 3 was increased and that Congressional District 3 is surrounded by Congressional Districts 1, 2, 4, and 7. Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 30 of the Complaint and therefore deny them.

33. Intervenor-Defendants deny the allegations in paragraph 33 of the Complaint.

34. Intervenor-Defendants state that the boundaries of Congressional District 3 are set forth in Va. Code Ann. § 24.2–302.2, which speaks for itself, and Intervenor-Defendants therefore deny any allegation that is inconsistent with the statute. Intervenor-Defendants deny that Congressional District 3 is "bizarre on its face" or that it is not contiguous. To the extent a further response is required, Intervenor-Defendants deny any remaining allegations in paragraph 34 of the Complaint.

35. Intervenor-Defendants admit the allegations of paragraph 35 of the Complaint.

36. Intervenor-Defendants admit that the Commonwealth of Virginia submitted its submission under Section 5 to the United States Department of Justice on February 2, 2012, and

that excerpts of those documents are attached as Exhibit A to Plaintiffs' Complaint. Intervenor-Defendants deny any allegation that Exhibit A contains the Commonwealth of Virginia's entire Section 5 submission.

37. Intervenor-Defendants state that the Commonwealth of Virginia's Section 5 submission speaks for itself, and therefore deny any allegation that is inconsistent with the submission.

38. Intervenor-Defendants state that the Commonwealth of Virginia's Section 5 submission speaks for itself, and therefore deny any allegation that is inconsistent with the submission.

39. Intervenor-Defendants admit the allegations of paragraph 39 of the Complaint.

40. Intervenor-Defendants deny the allegations of paragraph 40 of the Complaint.

41. Intervenor-Defendants deny the allegations of paragraph 41 of the Complaint.

42. Intervenor-Defendants deny that race was the predominant consideration with respect to the boundaries and composition of Congressional District 3 and deny the remaining allegations of paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Intervenor-Defendants deny the allegations of paragraph 43 of the Complaint.

44. The first sentence of paragraph 44 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Intervenor-Defendants deny the allegations of the first sentence of paragraph 44 of the Complaint. Intervenor-Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations of the second sentence of paragraph 44 of the Complaint and therefore deny them.

45. Intervenor-Defendants deny that race was the predominant consideration with respect to the boundaries and composition of Congressional District 3 and deny the remaining allegations of paragraph 45 of the Complaint.

## CAUSE OF ACTION

46. Intervenor-Defendants incorporate by reference their response to the allegations contained in the Complaint set forth above as if fully restated herein.

47. Intervenor-Defendants state that the Fourteenth Amendment of the United States Constitution speaks for itself, and therefore deny any allegation that is inconsistent with the Fourteenth Amendment. Intervenor-Defendants deny that the Fourteenth Amendment relates to "Section 1 of the United States Constitution," and further deny that paragraph 47 of the Complaint contains the entirety of the Fourteenth Amendment.

48. Intervenor-Defendants deny the allegations of paragraph 48 of the Complaint.

49. Intervenor-Defendants deny the allegations of paragraph 49 of the Complaint.

50. Intervenor-Defendants deny the allegations of paragraph 50 of the Complaint.

51. Intervenor-Defendants deny the allegations of paragraph 51 of the Complaint, and deny that Plaintiffs are entitled to any relief on any theory.

## RELIEF SOUGHT

A. Intervenor-Defendants state that the convening of a three-judge court to hear this case renders the allegations in paragraph A of Plaintiffs' Prayer For Relief moot, and deny that Plaintiffs are entitled to relief.

B. Intervenor-Defendants deny the allegations of paragraph B of Plaintiffs' prayer for relief, and deny that Plaintiffs are entitled to relief.

C. Intervenor-Defendants deny the allegations of paragraph C of Plaintiffs' prayer for relief, and deny that Plaintiffs are entitled to relief.

D. Intervenor-Defendants deny the allegations of paragraph D of Plaintiffs' prayer for relief, and deny that Plaintiffs are entitled to relief.

E. Intervenor-Defendants deny the allegations of paragraph E of Plaintiffs' prayer for relief, and deny that Plaintiffs are entitled to relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, Intervenor-Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure To State A Claim)**

Plaintiffs have failed to allege sufficient facts upon which a claim for relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiffs lack standing to assert their claims.

### THIRD AFFIRMATIVE DEFENSE

**(Lack Of Justiciable Controversy)**

Plaintiffs fail to raise a justiciable controversy between Plaintiffs and Intervenor-Defendants because Plaintiffs' claims are not ripe and/or are moot.

## **FOURTH AFFIRMATIVE DEFENSE**

### (Laches)

Plaintiffs' claim is barred by laches.

WHEREFORE, Intervenor-Defendants respectfully request that the Court:

1. Dismiss Plaintiffs' claims with prejudice and enter judgment for Intervenor-Defendants; and

2. Grant such other relief to Intervenor-Defendants as the Court may deem just and proper.

Dated: December 3, 2013            Respectfully submitted,

/s/ Jonathan A. Berry
Michael A. Carvin (*pro hac vice*)
John M. Gore (*pro hac vice*)
Jonathan A. Berry (VSB #81864)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: macarvin@jonesday.com
Email: jmgore@jonesday.com
Email: jberry@jonesday.com

*Counsel for Intervenor-Defendants Virginia Representatives*

9

## **CERTIFICATE OF SERVICE**

I certify that on December 3, 2013, a copy of the ANSWER OF INTERVENOR-DEFENDANTS VIRGINIA REPRESENTATIVES was filed electronically with the Clerk of Court using the ECF system, which will send notification to the following ECF participants:

John K. Roche, Esq.
Mark Erik Elias, Esq.
John Devaney, Esq.
PERKINS COIE, LLP
700 13th Street, N.W., Suite 600
Washington, D.C. 20005-3960
Tel. (202) 434-1627
Fax (202) 654-9106
JRoche@perkinscoie.com
MElias@perkinscoie.com
JDevaney@perkinscoie.com

Kevin J. Hamilton, Esq.
PERKINS COIE, LLP
1201 Third Avenue, Ste. 4800
Seattle, WA 98101-3099
Tel. (202) 359-8000
Fax (202) 359-9000
KHamilton@perkinscoie.com

*Counsel for Plaintiffs*

Mike F. Melis
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Telephone: (804) 786-2071
Fax: (804) 371-2087
mmelis@oag.state.va.us

*Counsel for Defendants*

Dated: December 3, 2013

/s/ Jonathan A. Berry
Jonathan A. Berry

*Counsel for Intervenor-Defendants Virginia Representatives*