IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAWN PAGE, et al.,

    Plaintiffs,

v.                                                        Civil Action No. 3:13cv678

VIRGINIA STATE BOARD OF
ELECTIONS, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the INTERVENOR-DEFENDANTS' MOTION TO POSTPONE REMEDIAL DEADLINE UNTIL SEPEMBER 1, 2015 (Docket No. 125). For the reasons, and to the extent, set forth below, the motion will be granted.

I.

The Court has found that the 2012 redistricting plan implemented by the Commonwealth of Virginia violates the Equal Protection Clause (Memorandum Opinion, Docket No. 109). For the reasons set forth in that Memorandum Opinion, the Court enjoined the Commonwealth of Virginia "from conducting any elections subsequent to 2014 for the Office of United States Representative until a new redistricting plan is adopted." (Docket No. 110, ¶2). To implement paragraph 2, the Virginia General Assembly was enjoined to adopt a new redistricting plan "as expeditiously as possible, but no later than April 1, 2015." (Docket No. 110, ¶3).

## II.

Citing changes in circumstance since the injunction Order was entered, the motion filed by the Intervenor-Defendants asks the Court to modify the deadline date in paragraph 3 of the injunction Order to require that the new redistricting plan be adopted not later than September 1, 2015.[1]

Courts have the power "to modify an injunction in adaptation to changed circumstances." United States v. Swift & Co., 286 U.S. 106, 114 (1932). And, of course, "[a] continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need." Id. (citations omitted); see also, Fed. R. Civ. P. 62(c). The Defendants recognize as much by asking for a modification of the deadline, albeit for a lesser period (until April 15, 2015).

There seems no doubt that circumstances have changed since the injunction Order was entered. First, the Intervenor-Defendants noted their appeal to the Supreme Court of the United States on October 30, 2014 (Docket No. 115) and the next day they filed their jurisdictional statement. At that time, there was pending in the Supreme Court the case of Alabama Dem. Conf. v. Alabama, No. 13-1138, (the "Alabama Case") which presents some issues the resolution of

---

[1] The Plaintiffs and the Defendants erroneously characterize the motion as one for a stay of judgment. We think that is not correct because the motion seeks not to stay the order of injunction, but to modify the date by which compliance with its terms is to be accomplished.

which reasonably can be expected to bear on the resolution of the appeal in this case. The Supreme Court heard argument in the Alabama Case on November 12, 2014.

Then, on December 4, 2014, Plaintiffs filed in the Supreme Court a MOTION TO DISMISS OR AFFIRM the decision of this Court, and the Intervenor-Defendants filed their opposition thereto on December 22, 2014. Thereupon, the MOTION TO DISMISS OR AFFIRM was ripe for decision. The Supreme Court distributed the MOTION TO DISMISS OR AFFIRM for conference on January 9, 2015, but since then has neither relisted it for conference nor taken any action on it. And, as the parties seem to agree, the Supreme Court is holding the appeal in this case pending disposition of the Alabama Case.

According to the parties, these post-injunction developments give rise to several possible dispositions. First, by granting the Plaintiffs' MOTION TO DISMISS OR AFFIRM, the Supreme Court could issue a summary affirmance of the decision of this Court. However, the briefing on the MOTION TO DISMISS OR AFFIRM was completed well before the January 9, 2015 conference of the Supreme Court and no summary affirmance has been forthcoming. Nonetheless, that remains a possible disposition. Second, the Supreme Court could note jurisdiction, grant review, and affirm the decision of this Court. Third, the Supreme Court could grant review, reverse the decision of this Court, and remand with instructions. Fourth, the Supreme

3

Court could remand this case for further proceedings in perspective of its decision in the <u>Alabama</u> Case.

Thus, the current posture of this case leaves the General Assembly, the parties, and this Court in a quite uncertain, and generally untenable, posture.  When all is said, before or by June 30, 2015 (the end of the current term of the Supreme Court), there likely will be a summary affirmance of the decision of this Court, a grant of review of the decision of this Court with an ensuing decision either affirming or reversing our decision, or a remand for further consideration in light of the decision in the <u>Alabama</u> Case.

Under these changed and somewhat unusual circumstances, we conclude that it is wasteful for the General Assembly to devise a redistricting plan without the views and instructions of the Supreme Court.  Further, this Court likely will be called upon to review whatever redistricting plan would be prepared by April 1, 2015,  To proceed with review before the parties and we know the views and instructions of the Supreme Court would be wasteful of the resources of the parties and the Court.

We have considered the Defendants' claim of harm in the form of the expense of a special legislative session.  Even if a special session will be required, that expense is small when measured against the likely expense of going forward with the case in its current posture because the parties will incur legal fees and litigation costs and expenses.  And, the fee applications in this case teach

4

that the cost of further litigation will far exceed the projected cost of a special session of the General Assembly. Nor do we find convincing the make-weight argument that a modification will interfere with normal governmental operations. And, the "vacancy" argument is speculative, at best. Finally, we find unpersuasive the contention that a September 1 deadline would be too late because the new plan should be in effect by January 1, 2016, the day after which candidates may start collecting signatures. That argument ignores the fact that the plan that was found constitutionally wanting was not adopted by January 1, 2012 and yet elections were held without a hitch. In any event, if the redistricting plan submitted under the modified deadline is not acceptable, the Court can craft a plan in sufficient time to allow elections to proceed in 2016.

Nor are we persuaded by Plaintiffs' claim of prejudice. Although we agree that the public interest is best served by a prompt resolution, we think that the interest of all is served by allowing the parties and the Court to proceed with the benefit of the views and instruction of the Supreme Court.

Considering all the foregoing, we find that the interest of the parties, the interest of the public, the interest of judicial efficiency, and the interest in the orderly administration of justice make it appropriate that the Court respond to this uncertainty of circumstance by granting the motion to modify the injunction. Accordingly, a modification will be granted until September 1, 2015

5

(sixty (60) days after the current Supreme Court term), sixty (60) days after any summary affirmance or other decision of the Supreme Court warranting the preparation of a new redistricting plan, or further ORDER of this Court, whichever first occurs. Counsel will be required to apprise this Court of any developments in the Supreme Court so that appropriate Orders can promptly issue.[2]

It is so ORDERED.

/s/
Allyson K. Duncan
United States Circuit Judge


/s/
Liam O'Grady
United States District Judge


/s/
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 23, 2015

---

[2] Of course, the General Assembly is free to work on redistricting if it chooses to do so, something that to date does not appear to have taken place, and then the work can be finished under the revised deadline after the parties and the Court have guidance from the Supreme Court.

6